Motion of contestants Rhinhart and McCullough to dismiss appeal, March 18, appeal dismissed as to respondents Rhinhart and McCullough, April 22, appeal dismissed as to remaining respondents (without opinion) June 23, 1964

IN THE MATTER OF THE ESTATE OF
## P. H. SCHMIDT, DECEASED
BENGTSON ET AL *v.* HEMPHILL ET AL
391 P. 2d 626

Justin N. Reinhardt and Reinhardt, Coblens & Stoll, Portland, for the motion.

Harold A. Fabre and Fabre & Collins, Pendleton, on behalf of contestants Bengtson, Fahrenwald, Haley and Krosting, also for the motion.

Roy Kilpatrick, Canyon City, on behalf of appellants, contra.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

ROSSMAN, J.

This cause is before us upon a motion filed by Lloyd Rhinhart and Rosemary McCullough, contestants, to dismiss this appeal on the ground that the notice of appeal was not served upon them or their attorneys, Reinhardt, Coblens, and Stoll.

August 20, 1963, the District Court for Umatilla County, acting upon a petition presented by one L. E. Hemphill, entered an order admitting to probate an instrument which purported to be the last will and testament of a decedent whose name was P. H. Schmidt. The purported will nominated Mr. Hemphill as executor. The order admitting it to probate was accompanied with another which appointed Mr. Hemphill executor. Shortly after the entry of those two orders four individuals as petitioners and contestants, through the firm of Fabre and Collins, petitioned the court to revoke its order which admitted the purported will to probate and appointed an executor. The petition alleged lack of testamentary capacity on the part of the deceased and the exercise of undue influence upon him. August 30, 1963, Lloyd Rhinhart and Rosemary McCullough, who alleged that they were "heirs at law of P. H. Schmidt," filed an answer and cross-petition which prayed that the instrument described as the last will and testament of the de-

ceased "be found not to be his last will and that the order admitting it to probate be vacated." It also prayed that the letters issued to Hemphill as executor be revoked. The answer and cross-bill was presented by Reinhardt, Coblens, and Stoll as attorneys for the petitioners. The pleading was over the signature of that firm and the stationery bore the firm's printed name and address. Subsequently the firm just mentioned filed a reply to the answer of Hemphill. The reply was over the firm's signature and upon stationery which bore its printed name and address.

After the District Court had admitted the tendered will to probate it transferred the cause to the Circuit Court. February 7, 1964, the Circuit Court vacated the order admitting the will to probate and appointing an executor.

February 21, 1964, the proponents gave notice of appeal; it was addressed to Anna Rebecca Bengtson, Marguerite M. Fahrenwald, Lucile V. Haley, Louisa V. Krosting, Lloyd Rhinhart, and Rosemary McCullough, contestants, and to Fabre and to Collins, their attorneys. It was not addressed to Reinhardt, Coblens and Stoll, and no service was made upon that firm nor to Mr. Rhinhart or Mrs. McCullough. The return stated that it was served upon "Harold Fabre, attorney for contestants."

An affidavit executed by Mr. Fabre states that neither he nor his firm was at any time attorney for Lloyd Rhinhart or Rosemary McCullough. It further states that neither he nor his firm had any authority to represent either of those contestants and never performed any service for them. The attorney for the proponents, in an affidavit, states:

"In serving my notice of appeal on Fabre and Collins only as I did, I relied on paragraph III of

Judge Wolff's Order, particularly the following language: 'The petitioners and contestants above named were represented by Fabre and Collins.'

"The trial of this case took fourteen days and during that period Lloyd Rhinhart and Rosemary McCullough were in attendance in the court, consulted and counseled with Fabre and Collins and were presented as witnesses by Fabre and Collins. It was my understanding from the beginning of the trial on that Mr. Reinhardt's firm was not appearing and that Fabre and Collins were appearing for Rhinhart and McCullough. That is the way the trial was conducted and that is the way the judge ruled the representation was."

Mr. Reinhardt executed an affidavit in which, referring to Lloyd Rhinhart and Rosemary McCullough, he stated:

"Said petitioners have been represented by my firm since the inception of these proceedings and have never at any time been represented by any other counsel. All pleadings filed in this proceeding on behalf of Mr. Rhinhart and Mrs. McCullough have been filed by my firm."

ORS 19.023 provides:

"A party to a judgment desiring to appeal therefrom * * * shall cause a notice, signed by himself or his attorney, to be served on such adverse party or parties as have appeared in the action * * *."

The pleadings which we have mentioned clearly show that Lloyd Rhinhart and Rosemary McCullough appeared in the proceeding. Those pleadings were over the signature of Reinhardt, Coblens and Stoll and upon the stationery of that firm. The signature identified the firm as the attorneys for those two persons. The stationery bore the printed name and ad-

dress of the firm. ORS 16.070 provides: "Every pleading shall be subscribed by the party * * * or by a resident attorney of the state * * *." Thus, the attorneys entered themselves upon the court's records in the manner authorized by ORS 16.070 as the legal representatives of Lloyd Rhinhart and Rosemary McCullough. After those pleadings had been filed, the proponent filed a document entitled "Affidavit of Mailing Copy of Decedent's Will to Legatees" which contained, among other entries, this one:

"* * * immediately subsequent thereto, I did cause a copy of the decedent's Will to be mailed to each legatee and devisee named therein at his last known address as follows, to-wit:

*     *     *

"Rosemary Rhinhart sometimes known as Rosemary McCullough, c/o Reinhardt, Coblens and Stoll, attorneys at law, 614 Corbett Building, Portland 4, Oregon."

That entry indicates that the proponent, who is now the appellant, was aware of the relationship between Rosemary McCullough and the legal firm that we mentioned.

September 16, 1963, counsel for the proponents made a return of service stating that he had served the "Answers of the Proponents to the Petition of the Contestants" upon Rhinhart and McCullough by mailing a copy of it to their attorneys Reinhardt, Coblens and Stoll.

Nothing but confusion would develop if the name of counsel, as it appears in the record and upon the pleadings, were ignored and if credence were given to the fact that the client, during the course of a long trial, spoke to the attorney of another party.

We do not believe that the trial judge, by enter-

ing in the order which vacated the probate of the challenged will "The petitioners and contestants above-named were represented by Fabre and Collins," indicated thereby that Fabre and Collins had become the attorneys for Lloyd Rhinhart and Rosemary McCullough. We think that the quoted words merely mean that of counsel appearing for the contestants Fabre and Collins were the ones present at the trial.

Unfortunately, the service of the notice of appeal was not made upon Lloyd Rhinhart, Rosemary McCullough, nor their attorneys. The motion to dismiss, as to them, is sustained.